HARRY ERITZIAN AND MARIAN ERITZIAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eritzian v. Commissioner
Docket No. 21466-80.
United States Tax Court
T.C. Memo 1982-250; 1982 Tax Ct. Memo LEXIS 494; 43 T.C.M. (CCH) 1315; T.C.M. (RIA) 82250; May 5, 1982. Harry Eritzian, pro se. Elizabeth Abreu, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and *495 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $ 154. The issues for decision are (1) whether petitioner [3] is entitled to a deduction for business use of his residence and (2) whether petitioner is entitled to an automobile expense deduction in excess of that allowed by the respondent. FINDINGS OF FACT Some of the facts have been stipulated. The stipulations of fact and the attached exhibits are incorporated *496 herein by this reference. At the time of filing their petition, petitioners resided in Fresno, California. During 1977, Petitioner, a licensed pharmacist, owned 100 percent of the stock of Gold Bond Prescription, Inc. (the Corporation), a California corporation which owned and operated a retail drug store known as Consumer's Drug. Consumer's Drug was located at 5351 A Blackstone, Fresno, California. Consumer's Drug was essentially a one-man operation and petitioner worked on the premises of the drug store six days a week. On his 1977 tax return, petitioner claimed a home-office deduction in the amount of $ 215. The record does not show how this amount was arrived at but respondent has conceded that if this Court finds that petitioner is entitled to a home-office deduction, the proper amount of the deduction is $ 215. Petitioner also claimed an automobile expense deduction on his 1977 tax return in the amount of $ 1,200. While that amount was arrived at by multiplying $ 100 a month by 12 months, the record does not show how petitioner determined that he was entitled to an automobile expense deduction of $ 100 per month. Respondent determined that petitioner had *497 driven 3,600 business miles in 1977 and allowed him an automobile expense deduction computed on the basis of a standard mileage rate of $ .17 per mile, in the amount of $ 612. OPINION
Section 280A(a) provides: (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. The exceptions to the general rule are provided for in section 280A(c) which states, in pertinent part: (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use. (1) Certain Business Use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) As a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, *498 or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Respondent argues that since none of the exceptions of section 280A(c) are applicable to the facts in this case, petitioner is prohibited from deducting the home-office expense in issue. We agree and find for the respondent. Petitioner maintains that during 1977, he had two separate trades or businesses, that of being a pharmacist to generate revenue for the Corporation and, secondly, that of being the principal officer of the Corporation responsible for attending to its administrative affairs. He contends that his residence was the principal place of business of himself as the corporate officer, citing Curphey v. Commissioner,73 T.C. 766 (1980). Our opinion in Curphey v. Commissioner,supra, is of no assistance to the petitioner. In that case, the taxpayer was found to have been engaged in two separate trades or businesses, i. *499 e., dermatology and real estate. In this case, it is clear that petitioner was engaged in only one trade or business, i.e., the operation of a retail drug store located at 5351 A Blackstone, Fresno, California. [4] Since 5351 A Blackstone was petitioner's principal place of business, petitioner does not fit within any of the enumerated exceptions to the general rule of non-deductibility of home-office expenses. See Garvey v. Commissioner,T.C. Memo. 1982-176. We also must sustain respondent's disallowance of $ 588 automobile expenses claimed by petitioner. The taxpayer has the burden of establishing that he is entitled to any deduction claimed on his return. Welch v. Helvering,290 U.S. 111, 115 (1933). Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has produced no evidence to substantiate the automobile expense disallowed by the respondent other than his own self-serving testimony. Petitioner candidly admitted at trial that he did not maintain any written *500 records to substantiate his claimed automobile expenses. We believe, under the circumstances, that respondent was generous in allowing petitioner a deduction for automobile expenses in the amount of $ 612. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Marian Eritzian is a party to this action only because she filed a joint return with her husband for 1977. Hereinafter, when we refer to petitioner, we will be referring to Harry Eritzian.↩
4. Under the circumstances of this case, the doctrine of separateness of the business of a corporate-shareholder-employer and that of the corporation is inapplicable.↩